```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              ASHEVILLE DIVISION
              1:20 CV 325 MOC WCM
```

| | | |
|---|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY | ) ) ) | |
| Plaintiff | ) ) | ORDER |
| v. | ) ) ) | |
| JASON L. SILLS and REMA B. BRITT, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on a Joint Motion to be Relieved from *Pro Se* Settlement Conference (the "Motion," Doc. 20) filed by Plaintiff Progressive Southeastern Insurance Company ("Progressive") and Defendant Jason L. Sills ("Sills"). The Motion is opposed by Defendant Rema B. Britt ("Britt").

I. Background

A. The Allegations

On November 12, 2020, Progressive filed a Complaint for Declaratory Relief (the "Complaint," Doc. 1) which seeks a determination of Progressive's rights, duties, and obligations under a Commercial Auto Policy (the "Policy") that was issued to Wheeler Engine Core Supply, LLC ("Wheeler Engine").

Progressive contends that on August 20, 2018, a bus operated by Jimmie Holland (the "Holland Bus") collided with Sills, and that Progressive has paid

$700,000.00 of the $750,000.00 Policy limits to Sills in exchange for a release of its named insured (Wheeler Engine) and Holland. Doc. 1 at ¶¶10 & 16.

Progressive alleges that at the time of the accident, Britt was operating another vehicle ("Britt Bus") that did not collide with Holland. Doc. 1 at ¶¶8 & 9.

After settling with Progressive (on behalf of Wheeler Engine and Holland), Sills filed a separate tort action against Britt in North Carolina state court (the "Tort Action"). Doc. 1 at ¶17. In the Tort Action, Sills apparently alleges that at the time of the accident, Britt "was negligent in the operation of the Britt Bus," "was engaged in a joint enterprise with Holland and so is liable for Holland's negligence," and "was directly negligent for encouraging Holland to operate the Holland Bus in a dangerous condition." Id; see also Doc. 13 (Sills' Answer) at ¶9 ("Holland, immediately prior to striking Sills, struck the bus being operated by Britt, which was a part of the series of events resulting in the injuries sustained by Defendant Sills").

Britt asserts that she is entitled to a defense and indemnity under the Policy for the claims made by Sills in the Tort Action, while Sills contends that he is entitled to recover an additional $750,000.00 under the Policy for any judgment he obtains against Britt in the Tort Action. Doc. 1 at ¶¶18 & 19.

### B. The Pro Se Settlement Assistance Program

Britt is proceeding in the instant matter *pro se*.

On February 5, 2021, Britt was provided a Notice of Availability of Pro Se Settlement Assistance Program ("PSAP"), and on February 16, 2021, Britt indicated that she would like to participate in the PSAP. Docs. 14 & 15.

On March 26, 2021, Mark C. Kurdys filed a Motion for Appointment of Program Counsel, requesting that he be appointed as settlement counsel for Britt. Doc. 17.

On March 29, 2021, the undersigned granted that Motion and appointed Mr. Kurdys as counsel for Britt for the limited purpose of assisting Britt under the PSAP. Doc. 18. The Order set a deadline of April 12, 2021 for the parties to designate a mediator, and a deadline of May 28, 2021 for the parties to complete mediation. Id.

On April 12, 2021, the parties jointly filed a notice designating William O. Brazil, III as mediator. Doc. 10.

On May 14, 2021, Progressive and Sills filed the instant Motion. Britt has filed a response. Doc. 21.

## II. Discussion

The purpose of the PSAP "is to assist the just, speedy, and inexpensive determination of civil actions and proceedings by providing civil pro se litigants with limited advice and representation at expedited settlement conferences."

LCvR 16.4(a).

In this matter, Progressive and Sills contend that the parties' participation in the PSAP is unlikely to resolve the issues in this matter given the nature of the dispute. Doc. 20 at 1. Specifically, Progressive and Sills assert that "some level of discovery is required before the parties will be in any position to potentially resolve the disputed legal issues" and that this action is "primarily a dispute over legal interpretation" such that it is not "readily susceptible to resolution by negotiated compromise." Doc. 20-1 at 3.

In response, Britt states that she has "insufficient legal precedent to know whether mediation is appropriate or likely to be of any value in resolving the litigation," but contends that it is reasonably conceivable that a compromise could be reached that would resolve the dispute. Doc. 21 at 3. Accordingly, Britt "objects to dispensing with alternative dispute resolution altogether." Id.

The representations of Progressive and Sills as to the likelihood the parties will be able to reach a negotiated resolution of this matter through participation in the PSAP are noted. However, it is not apparent why those concerns were not raised previously, including in February when Britt expressed her interest in participating in the PSAP, in late March when Mr. Kurdys was appointed as settlement counsel for Britt, or in mid-April when the parties selected Mr. Brazil as their mediator. Further, the undersigned is

not convinced that the potential for some resolution or benefit from participation in mediation through the PSAP is so remote that the mediation requirement should be removed completely.

Accordingly, the Joint Motion to be Relieved from *Pro Se* Settlement Conference (Doc. 20) is **DENIED**.

It is so ordered.

Signed: May 17, 2021

W. Carleton Metcalf
United States Magistrate Judge